UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION -- LEXINGTON

| | |
|---|---|
| MICHAEL INGRAM,<br><br>        Plaintiff,<br><br>V.<br><br>INTERNAL REVENUE SERVICE,<br><br>        Defendant. | CIVIL ACTION NO. 5:16-270-KKC<br><br><br>OPINION & ORDER |

This matter is before the Court on Plaintiff Michael Ingram's motion to vacate administrative forfeiture for lack of notice pursuant to 18 U.S.C. § 983(e). (DE 1). For the following reasons, Plaintiff's motion is DENIED.

## I.   BACKGROUND

In September 2015, Ingram was indicted on various charges arising out of his operation of a pharmacy. (5:15-cr-78-KKC, DE 1). The original indictment also contained forfeiture allegations of certain real and personal property, including an airplane, a Jeep, and a motorcycle. (5:15-cr-78-KKC, DE 1, Original Indictment at 8–10). That property was seized pursuant to criminal seizure warrants issued by Magistrate Judge Wier. In October 2016, a superseding indictment added new charges. (5:15-cr-78-KKC, DE 89).

In November 2015, the Internal Revenue Service, the defendant in this matter, served a Notice of Forfeiture upon Ingram and his wife at his mother's address. (DE 1-3). A copy of the notice was not sent to Ingram's attorney who appeared at his arraignment on his criminal charges in September 2015. The IRS's notice listed the airplane, Jeep, and motorcycle, as well as the contents of a checking account in Ingram's name totaling $140.648.39. (DE 1-3). The IRS also published notice of the seizures in local newspapers for three consecutive weeks.

1

The notice instructed Ingram that if he "disagree[d] with the IRS's claim that the property is subject to forfeiture and desire[d] a judicial determination of the matter" he was required to file a claim of ownership by December 10, 2015. (DE 1-3, Notice of Forfeiture at 2). The IRS's notice included a claim of ownership form and "cautioned that the timely filing of a claim of ownership is a necessary condition for obtaining a judicial determination." (DE 1-3, Notice of Forfeiture at 2). The notice also described the process by which Ingram could request his property be returned and how he could seek administrative review.

Ingram did not comply with IRS procedures for contesting the administrative forfeiture, so the IRS issued declarations of forfeiture regarding Ingram's property upon expiration of the notice's deadlines. The IRS represents that all of Ingram's property that was seized and noticed for forfeiture in the administrative proceeding has been sold, and the funds seized from the bank account have also been forfeited. (DE 14, Response at 4; DE 14-3).

Instead, in February 2016, in the criminal matter against him in this Court, Ingram filed a motion for pre-trial restraint of property pursuant to Federal Rule of Criminal Procedure 41(g). (5:15-cr-78-KKC, DE 45). In that motion, he argued that "administrative forfeiture of property already subject to criminal forfeiture is improper" and that he "received inadequate notice of forfeiture." (5:15-cr-78-KKC, DE 45, Motion at 2).

The Court denied Ingram's motion, explaining that "the statute governing administrative forfeiture proceedings clearly envisions the prospect of contemporaneous criminal and administrative forfeitures." (5:15-cr-78-KKC, DE 52, Opinion at 2). Further, the Court found that the seizure warrants issued by Magistrate Judge Wier did not seek to limit the means by which Ingram might forfeit the property seized. (5:15-cr-78-KKC, DE 52, Opinion at 4).

Ingram's instant motion seeks to vacate the administrative forfeiture for lack of notice pursuant to 18 U.S.C. § 983(e). (DE 1).

## II. ANALYSIS

Under the Civil Asset Forfeiture Reform Act, a motion filed under 18 U.S.C. § 983(e) is "the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute." 18 U.S.C. § 983(e)(5). However, this remedy is only available to individuals who are "entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who [do] not receive such notice." 18 U.S.C. § 983(e)(1); *see Matthews v. Drug Enf't Admin.*, 629 F. App'x 723, 724, 726 (6th Cir. 2015).

Ingram does not dispute that he received notice of the administrative forfeiture. Rather, he argues that the notice was deficient and did not comport with the constitutional notice standard. (DE 1, Motion at 2) (citing *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)). However, the civil asset forfeiture statute provides relief only to individuals who did "not receive such notice." *See* 18 U.S.C. § 983(e)(1). Because Ingram received notice, he has "no right to relief under the relevant statute." *See Matthews*, 629 F. App'x at 724.

Ingram should have followed the procedures outlined in the notice he received from the IRS, which explained that "[a]bsent the filing of a claim of ownership by you or any other person transferring this matter to U.S. District Court, the property will be administratively forfeited by the IRS Nashville Field Office on December 22, 2015." (DE 1-3, Notice of Forfeiture at 1–2).

Finally, Ingram cites *Muhammed v. Drug Enforcement Agency, Asset Forfeiture Unit* in support of his argument that the notice he received was inadequate because it did not address the fact that he was already contesting the administrative forfeiture in this Court. Ingram cites to support his position. *See* 92 F.3d 648, 650, 652 (8th Cir. 1996). Although the Court need not reach the issue, it finds that Ingram's reliance on *Muhammed* is misplaced. In that case, the Eight Circuit found the DEA's notice to two individuals deficient because the individuals had already filed an action in federal district court for the return of their property.

3

*See id.* ("While the notice of seizure and intent to forfeit instructs parties what they must do to contest the impending forfeiture in district court, it in no way indicates that parties who are *already* in district court need to start over[.]") (emphasis in original).

However, *Muhammed* was decided prior to the Civil Asset Forfeiture Reform Act, and further, the Court is not persuaded by the majority's reasoning. Instead, the Court agrees with the dissent in that case, which took issue with the argument that the notice provided was constitutionally infirm. *Id.* at 655 (Arnold, J., dissenting in part and concurring in part). The dissent described the notice as "about as plain as it could have been" and observed that the individuals "simply failed to follow it." *Id.*

Here, too, the notice Ingram received from the IRS provided clear directions on how to contest the administrative forfeiture, and he simply failed to follow those instructions. Ingram argues that the notice was vague and that, as a result, he was confused as to whether he needed to file a claim to challenge the administrative forfeiture. However, filing a claim of ownership is *exactly* what the notice directed him to do. Thus, Ingram's arguments that the notice was insufficient fall flat.

In sum, since Ingram received notice and did not challenge the administrative forfeiture as he was directed in the IRS's notice, his motion to vacate that forfeiture must be denied.

### III. CONCLUSION

For the foregoing reasons, Ingram's motion to vacate administrative forfeiture for lack of notice (DE 1) is **DENIED.**

Dated October 31, 2016.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

4